Garth S. McCarty
Garth McCarty Law Firm, PC
801 Colorado Avenue
Glenwood Springs, Colorado 81601
Tel    (970) 945-6600
Fax    (970) 945-8903
garth@aspencoloradolawyer.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| DWIGHT RATCLIFF, | ) | |
|  | ) | Cause No. – |
| Plaintiff, | ) | |
|  | ) | **COMPLAINT** |
| vs. | ) | |
|  | ) | |
| CITY OF RED LODGE, | ) | |
| DEPARTMENT OF POLICE, a | ) | |
| Political Subdivision of the State of | ) | |
| Montana, and Red Lodge Police Officer | ) | |
| AL STUBER, | ) | |
|  | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, and for his cause of action against the Defendants, respectfully alleges as follows:

## PARTIES

1. That at all times here and after mentioned, the Plaintiff, Dwight Ratcliff (Dwight), resided within the State of Montana, Yellowstone County, City of Billings.

2. That the City of Red Lodge is a political subdivision of the State of Montana; and that Al Stuber (Officer Stuber) was at all times here and after mentioned a duly appointed and acting law enforcement officer employed by the City of Red Lodge, Department of Police.

## JURISDICTION AND VENUE

This Court has original jurisdiction over all claims in this action. This claim arises under common law, state and federal theories of cause of action. All conduct alleged in this Complaint occurred in Carbon County, State of Montana. Thus, venue is appropriate. The claim is based in part on the provisions of Title 42, U.S.C. § 1983, which provides a remedy for a citizen whose federal constitutional rights are violated by state authorities acting under color of state law. This claim may be acted upon in the District Courts of the United States. The Plaintiff asserts violations of his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. This action is also based in part on violations of provisions of the 1972 constitution of the State of Montana, including

Article II, Section 3; Article II, Section 4; Article II, Section 10; Article II, Section 11; Article II, Section 15; Article II, Section 16; Article II, Section 17; Article II, Section 18; Article II, Section 22; Article II, Section 28; and Article II, Section 34.

## STATEMENT OF CLAIMS

1. On or about July 2, 2011, Plaintiff, Dwight, was riding his motorcycle on State Highway 308 from Bear Creek, Montana to Red Lodge, Montana, along with his son-in-law, Kent Faulkner (Kent).

2. As they approached the intersection of State Highway 308 with U.S. Route 212, Kent passed a Ford Explorer. The Ford Explorer swerved as if to hit Kent, barely missing him. Dwight waited until he had a clear, safe and legal passing zone and also passed the Ford Explorer. As he passed, the driver of the Ford Explorer threw a large cup of ice at Dwight.

3. When Dwight and Kent reached the stop sign at U.S. Route 212, at the south end of Red Lodge, Kent stopped and exchanged words with the passenger of the Ford Explorer. Kent then proceeded south on U.S. Route 212. Before he could continue down the road, Dwight heard a police siren approaching from downtown Red Lodge. Dwight crossed U.S. Route 212 and parked in a gravel parking area beside the highway.

4. Dwight wanted to report to police the dangerous and illegal actions of the occupants of the Ford Explorer. Therefore, he stood by his bike and waited, hoping the police officer would come to his location.

5. A few moments later, Red Lodge Police Officer Stuber arrived in a police cruiser and stopped near Dwight, with flashing lights and siren engaged. Dwight stood by his bike and removed his helmet to speak to the officer.

6. Officer Stuber jumped out of his vehicle and began yelling and screaming at Dwight, and told him to turn around or else he would shoot Dwight.

7. Officer Stuber pointed a taser at Dwight's face from about 10 feet away. Officer Stuber commanded Dwight to turn around and go to his motorcycle. Dwight complied. Officer Stuber grabbed Dwight's helmet and threw it to the ground, breaking it. Officer Stuber then physically and emotionally brutalized Dwight, assaulted him, threw him over his motorcycle, handcuffed him, and injured Dwight's neck, head, arm and wrist. Officer Stuber then forcefully pushed Dwight over to a rock pile and ordered Dwight to sit on the rocks.

8. At no time during the officer's attack did Dwight resist Officer Stuber.

9. At the time of the attack, Dwight was 70 years old.

10. Officer Stuber then went to speak to the occupants of the Ford Explorer. Another officer, Danielle Barnes, noticed that Dwight was bleeding from his wrist onto the rock he was sitting on. She moved his handcuffs from the back to the front, and relocated Dwight to the back of Officer Stuber's vehicle. Dwight was then left to sit in the heat of the police cruiser with the windows rolled up.

11. Officer Stuber released the occupants of the Ford Explorer from the scene without issuing citations for criminal offenses.

12. Officer Stuber then released Dwight from the vehicle and the handcuffs.

13. Officer Stuber then left the scene without explanation for his brutality and unlawful detention.

14. Dwight was not cited or charged with any criminal wrongdoing.

15. Officer Stuber's conduct was malicious, reckless and negligent, but consistent with and sanctioned and promoted by the effective and historic policy of the City of Red Lodge, Department of Police, which has demonstrated a pattern of conduct of which Dwight's treatment was part and parcel—a pattern of abuse and violations of the Constitutional rights of citizens, including conduct involving physical abuse, sexual misconduct,

disregard for civil rights, detention and arrest of citizens in the absence of probable cause.

16. Officer Stuber, authorized by the City of Red Lodge, Department of Police, committed against Dwight the following offenses under the Montana criminal code: Assault, § 45-5-201, M.C.A.; Aggravated Assault, § 45-5-202, M.C.A.; Assault with a Weapon, § 45-5-213, M.C.A.; Intimidation, § 45-5-203, M.C.A.; Mistreating Prisoners, § 45-5-204, M.C.A.; Criminal Endangerment, § 45-5-207, M.C.A.; Negligent Endangerment, § 45-5-208, M.C.A.; Kidnapping, § 45-5-302, M.C.A.; Aggravated Kidnapping, § 45-5-303, M.C.A.; Custodial Interference, § 45-5-304, M.C.A.; Criminal Mischief, § 45-6-101, M.C.A.; Official Misconduct, § 45-7-401, M.C.A. ; Disorderly Conduct, § 45-8-101, M.C.A.

17. Other employees of the City of Red Lodge, Department of Police, were aware of Officer Stuber's activities and offenses against Dwight, as well as Officer Stuber's propensity to commit such acts, but no actions were taken by the City of Red Lodge, Department of Police, or its employees to prevent him from abusing Dwight.

18. Defendants had no probable cause to believe that Dwight had committed an offense, and their arrest and detention of him violated Dwight's rights to due process and his rights to be free from unlawful

restraint and/or arrest under both the United States Constitution and the constitution of the State of Montana.

19. The City of Red Lodge, Department of Police, and Officer Stuber, acting under color of state law, unreasonably intruded into Dwight's person and privacy, subjected him to excessive force, and subjected him to offenses that were harmful to his life and health and committed acts that shock the conscience, in violation of Dwight's United States Constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, and his corresponding, enhanced and additional rights under the Montana state constitution, Article II, §§ 3-4, 10-11, 15-18, 22, 28 and 34.

20. That Dwight has suffered physical injuries, proximately caused by Defendants' conduct, that have required medical treatment and physical therapy and which have not been cured.  His physical pain and distress continues and will continue into the future.

21. That Dwight has suffered severe emotional and psychological distress, humiliation, embarrassment and pain and discomfort, as a direct result of the actions of Defendants as aforesaid, which will continue into the future.

22. That Dwight will continue to incur reasonable and necessary health care expenses into the future as a result of the Defendants' conduct.

23.  That Dwight has incurred the expense of replacing his motorcycle helmet, the damage to which was proximately caused by Defendants' actions.

24.  That as a direct and proximate result of the actions of the Defendants, Dwight has suffered other economic losses, including loss of income and incidental and consequential costs and expenses.

25.  That Dwight has incurred attorney's fees and costs in the investigation and prosecution of this complaint.

## COUNT I

## 42 U.S.C. § 1983

26.  Plaintiff re-alleges paragraphs 1 through 25 as if here again set forth at length.

27.  That the Defendants were at all times referenced herein, acting under color of state law, pursuant to Title 52, Chapter 2, Part 6, M.C.A.

28.  That the conduct of Defendants violated Dwight's civil rights under the provisions of Title 42, U.S.C., § 1983; and more particularly, that Dwight's First, Fourth, Eighth and Fourteenth Amendment protections were abridged by the Defendants in the following particulars:

    A.  That Dwight's person and privacy were unreasonably intruded into by the actions of the Defendants.

B.  That Dwight was subjected to cruel and unusual punishment in the custody of Defendants and that Defendants used excessive force against Dwight while he was in custody;

C.  That, while Dwight was in their custody, Defendants were deliberately indifferent; having assumed custody over Dwight, Defendants failed to care for him properly;

D.  That, while Dwight was in their custody, Defendants abused and/or neglected Dwight in a way that shocks the conscience and violates his due process and equal protection rights.

29. That the Plaintiff, in addition to all other damages, is entitled to an award of reasonable attorney's fees and costs, as necessitated by this cause, pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988.

## COUNT II

## NEGLIGENCE PER SE

30. Plaintiff re-alleges paragraphs 1 through 29, as if here again set forth at length.

31. That in addition to its own independent liability, the City of Red Lodge, Department of Police is subject to *respondeat superior* liability for the conduct of its agents/employees.

32. That the Defendants' conduct was in violation of Montana statutes and constitutes negligence *per se*. In particular, Montana statutes violated by Defendants included but are not limited to Assault, § 45-5-201, M.C.A.; Aggravated Assault, § 45-5-202, M.C.A.; Assault with a Weapon, § 45-5-213, M.C.A.; Intimidation, § 45-5-203, M.C.A.; Mistreating Prisoners, § 45-5-204, M.C.A.; Criminal Endangerment, § 45-5-207, M.C.A.; Negligent Endangerment, § 45-5-208, M.C.A.; Kidnapping, § 45-5-302, M.C.A.; Aggravated Kidnapping, § 45-5-303, M.C.A.; Custodial Interference, § 45-5-304, M.C.A.; Criminal Mischief, § 45-6-101, M.C.A.; Official Misconduct, § 45-7-401, M.C.A. ; Disorderly Conduct, § 45-8-101, M.C.A.

## COUNT III

### STATE CONSTITUTIONAL VIOLATIONS

33. Plaintiff re-alleges paragraphs 1 through 32, as if here again set forth at length.

34. That in addition to its individual liability, the City of Red Lodge, Department of Police, is subject to *respondeat superior* liability for the conduct of its agents/employees.

35. That the Defendants were at all times referenced herein, acting under color of state law, pursuant to Title 52, Chapter 2, Part 6, M.C.A.

36. That the Defendants' conduct violated Dwight's constitutional rights under the 1972 Constitution of the State of Montana, including Article II, Section 3; Article II, Section 4; Article II, Section 10; Article II, Section 11; Article II, Section 15; Article II, Section 16; Article II, Section 17; Article II, Section 18; Article II, Section 22; Article II, Section 28; and Article II, Section 34.

37. That as a direct and proximate result of the violations as aforesaid, Plaintiff has suffered and sustained injuries and damages as previously set forth herein, including reasonable attorney's fees as may be demonstrated at time of trial.

## COUNT IV

## INTENTIONAL TORTS

38. Plaintiff re-alleges paragraphs 1 through 37 as if here again set forth at length.

39. That the Defendants' conduct constitutes the common law torts of false imprisonment, assault and battery and negligent and/or intentional infliction of emotional distress which proximately resulted in, or was a significant contributing factor in producing, the damages sustained by Plaintiff.

40. That in addition to its own individual liability, the City of Red Lodge, Department of Police is subject to *respondeat superior* liability for the conduct of its agents/employees, and that the Defendants acted oppressively, wantonly, and recklessly; and that Plaintiff is entitled to recover punitive damages in a sum of not less than fifty-thousand dollars ($50,000).

## COUNT V

## NEGLIGENCE

41. Plaintiff re-alleges paragraphs 1 through 40 as if here again set forth at length.

42. That the Defendants were negligent in failing to use reasonable care by detaining and arresting Dwight without probable cause (or even reasonable or particularized suspicion) of criminal activity; in failing to use reasonable care in taking him into custody to ensure his safety and to honor his right not to be brutalized. The City of Red Lodge, Department of Police,

was negligent in failing to use reasonable care in hiring and in subsequently supervising and monitoring Officer Stuber.  Further, in addition to its own individual liability, the City of Red Lodge, Department of Police is subject to *respondeat superior* liability for the conduct of its agents/employees, and its employees, including Officer Stuber, were negligent in allowing Dwight to be abused, as set forth above, while in the custody and care of the Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows, and as demonstrated at the time of trial:

1. That Plaintiff be awarded damages for the violations of his Constitutional rights;

2. That Plaintiff be awarded damages for past and future emotional distress;

3. That Plaintiff be awarded damages for past and future physical pain and suffering;

4. That Plaintiff be awarded damages for loss of property.

5. That Plaintiff be awarded damages for past and future loss of income;

6. That Plaintiff be awarded damages for past and future loss of enjoyment;

7. That Plaintiff be awarded damages for past and future loss of consortium;

8. That Plaintiff be awarded damages for hospital, medical and other healthcare expenses reasonably incurred and likely to be incurred in the future;

9. That Plaintiff be awarded reasonable incidental and consequential damages, including but not limited to income losses and attorney's fees for defending criminal charges;

10. That Plaintiff be awarded punitive damages in the sum of $50,000.

11. That Plaintiff be awarded his costs and disbursements, including attorney's fees, occasioned by this action;

12. Plaintiff demands a Jury Trial;

13. That the Court grant such further additional relief as may be appropriate and equitable.

DONE and DATED this 28th day of June, 2012.

        GARTH McCARTY LAW FIRM PC

         /s/ Garth S. McCarty
        Garth S. McCarty
        Montana Attorney Reg. # 11201
        Garth McCarty Law Firm, PC
        Attorney for Plaintiff