BRENDON J. ROHAN, ESQ.
POORE, ROTH & ROBINSON, P.C.
1341 Harrison Avenue
P.O. Box 2000
Butte, Montana  59702
Telephone:  (406) 497-1200
Facsimile:  (406) 782-0043
bjr@prrlaw.com

Attorneys for Defendant Al Stuber

IN THE UNITED STATES DISTRICT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| DWIGHT RATCLIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. CV-12-79-RFC |
| v. ) | |
| ) | |
| CITY OF RED LODGE, DEPARTMENT ) | **ANSWER OF OFFICER** |
| OF POLICE, a Political Subdivision of the ) | **STUBER** |
| State of Montana, and Red Lodge Police ) | |
| Officer AL STUBER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

COMES NOW Defendant Officer Al Stuber (Stuber), and for his Answer to

Plaintiff's Complaint, admits, denies, and alleges as follows:

1.      **ANSWER OF OFFICER STUBER**

I.

Answering the allegations of paragraph 1 of Plaintiff's Complaint, Stuber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the same.'

II.

Answering the allegations of paragraph 2 of Plaintiff's Complaint, admit.

III.

Answering the allegations in the unnumbed paragraphs under the caption "Jurisdiction and Venue," to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required.  To the extent the allegations contained therein reference or relate to Stuber and any alleged wrongful and/or unconstitutional conduct on his behalf, they are denied.  Stuber does not challenge the jurisdiction of this court or the venue in which this lawsuit is located.

IV.

Answering the allegations of paragraphs 1 through 4 under Statement of Claim, Stuber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

V.

Answering the allegations of paragraphs 5 through 8 under Statement of Claim, Stuber admits that he was dispatched to a location where Plaintiff was

located.  He admits that he responded to this location with overhead lights and siren activated.  He admits he exited his vehicle and yelled directions to Plaintiff, including to stop walking toward him and to turn around.  He admits that when Plaintiff refused to follow his lawful orders, he drew and pointed his taser at Plaintiff.  He admits that he physically restrained Plaintiff, bent him over his motorcycle, and handcuffed him.  He admits that Plaintiff removed his helmet and that it was dropped to the ground.  Stuber denies the remaining allegations of these paragraphs, as alleged.

## VI.

Answering the allegations of paragraph 9 under Statement of Claim, Stuber denies that he attacked Plaintiff.  He is without sufficient knowledge or information to form a belief as to the truth of the remaining allegation of this paragraph, and therefore denies the same.

## VII.

Answering the allegations of paragraph 10 under Statement of Claim, Stuber admits that he interviewed the occupants of a Ford Explorer.  He admits that Officer Daniele Barnes arrived on the scene to assist him and took Plaintiff to a large rock where he was allowed to sit down.  He admits that Officer Barnes subsequently placed Plaintiff in the back seat of a patrol vehicle.  He denies the remaining allegations of this paragraph, as alleged.

3.      **ANSWER OF OFFICER STUBER**

VIII.

Answering the allegations of paragraphs 11 through 14 under Statement of Claim, Stuber denies that he engaged in any brutality or that Plaintiff was unlawfully detained, therefore no "explanation" was necessary.  He admits the allegations of the remaining paragraphs.

IX.

Answering the allegations of paragraphs 15, 16, and 17, under Statement of Claim, to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required.  To the extent the allegations contained therein reference or relate to persons or entities other than Stuber, no response on his behalf is required.  To the extent any of the remaining allegations of these paragraphs reference or relate to Stuber, they are denied.

X.

Answering the allegations of paragraph 18 under Statement of Claim, to the extent the allegations contained therein reference or relate to Stuber, he denies that he was required to have probable cause in order to temporarily detain Plaintiff.  To the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required.  To the extent any of the remaining allegations of this paragraph reference or relate to Stuber, they are denied.

XI.

Answering the allegations of paragraphs 19 through 25 under Statement of Claim, to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required.  To the extent the allegations of these paragraphs reference or relate to persons or entities other than Stuber, no response on his behalf is required.  To the extent any of the remaining allegations of these paragraphs reference or relate to Stuber, they are denied.

XII.

Answering the allegations of Count I, paragraph 26, of Plaintiff's Complaint, Stuber realleges his responses to paragraphs 1 through 25 as if fully set forth herein.

XIII.

Answering the allegations of Count I, paragraphs, 27, 28, including subparts A through D, and 29, to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required.  To the extent the allegations contained therein reference or relate to persons or entities other than Stuber, no response on his behalf is required.  Stuber admits that at all times referenced in Plaintiff's Complaint, he was acting within the course and scope of his duties as a law enforcement officer for the City of Red Lodge.  To the extent any of the

remaining allegations of these paragraphs reference or relate to Stuber, they are denied.

## XIV.

Answering the allegations of Count II, paragraph 30, of Plaintiff's Complaint, Stuber realleges his responses to paragraphs 1 through 29 as if fully set forth herein.

## XV.

Answering the allegations of Count II, paragraphs 31 and 32 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required. To the extent the allegations contained therein reference or relate to persons or entities other than him, no response on his behalf is required. To the extent any of the remaining allegations of these paragraphs reference or relate to Stuber, they are denied.

## XVI.

Answering the allegations of Count III, paragraph 33 of Plaintiff's Complaint, Stuber realleges his responses to paragraphs 1 through 32 as if fully set forth herein.

## XVII.

Answering the allegations of Count III, paragraphs 34 through 37 of Plaintiff's Complaint, to the extent the allegations contained therein constitute

legal conclusions, no response by Stuber is required. To the extent the allegations contained therein reference or relate to persons or entities other than Stuber, no response on his behalf is required. To the extent any of the remaining allegations of these paragraphs reference or relate to Stuber, they are denies.

XVIII.

Answering the allegations of Count IV, paragraph 38, of Plaintiff's Complaint, Stuber realleges his responses to paragraphs 1 through 37 as if fully set forth herein.

XIX.

Answering the allegations of Count IV, paragraphs 39 and 40, to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required. To the extent the allegations contained therein reference or relate to persons or entities other than Stuber, no response on his behalf is required. To the extent any of the remaining allegations of these paragraphs reference or relate to Stuber, they are denied.

XX.

Answering the allegations of Count V, paragraph 41 of Plaintiff's Complaint, Stuber realleges his responses to paragraphs 1 through 40 as if fully set forth herein.

XXI.

Answering the allegations of Count V, paragraph 42, of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Stuber is required.  To the extent the allegations contained therein reference or relate to persons or entities other than Stuber, no response on his behalf is required.  To the extent any of the remaining allegations of this paragraph reference or relate to Stuber, they are denied.

Stuber denies every Count, paragraph, and allegation of Plaintiff's Complaint not hereinbefore specifically admitted, denied, or qualified.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege sufficient facts against Stuber to state viable claims for relief.

SECOND AFFIRMATIVE DEFENSE

Stuber had reasonable suspicion to detain and restrain Plaintiff during a brief investigatory stop.

THIRD AFFIRMATIVE DEFENSE

The conduct of Stuber was objectively reasonable based on the totality of factual circumstances presented to him, thereby entitling him to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries, and resulting damages, if any, were caused by Plaintiff's failure to comply with the lawful commands of Stuber.

## FIFTH AFFIRMATIVE DEFENSE

If Stuber was negligent, which he specifically denies, then the comparative fault provisions of Mont. Code Ann. § 27-1-703 would be applicable.

## SIXTH AFFIRMATIVE DEFENSE

Discovery may disclose that Plaintiff suffered from pre-existing physical and/or mental/emotional conditions or disease processes unrelated to the incident of July 2, 2011, thereby precluding or proportionally reducing his damage claims against Stuber.

## SEVENTH AFFIRMATIVE DEFENSE

Discovery may disclose that Plaintiff failed to reasonably mitigate his claimed damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on allegations of negligence are barred by the Public Duty Doctrine.

### NINTH AFFIRMATIVE DEFENSE

All of the conduct alleged in Plaintiff's Complaint occurred while he was acting in the course and scope of his employment, thereby entitling him to the statutory protections of Mont. Code Ann. § 2-9-305.

### TENTH AFFIRMATIVE DEFENSE

Stuber is entitled to the damage limitations of Mont. Code Ann. § 2-9-108.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff was entitled to the recovery of attorney fees, Stuber has a reciprocal right to recover attorney fees.

### TWELFTH AFFIRMATIVE DEFENSE

An award of punitive/exemplary damages against Stuber would be a violation of his federal and state Constitutional rights, including but not limited to due process and excessive fines and punishments.

Stuber reserves the right to plead or withdraw such other Affirmative Defenses which through ongoing investigation and discovery are found to be applicable to the facts of this case.

STUBER DEMANDS A TRIAL BY JURY OF ALL FACT ISSUES RAISED BY PLAINTIFF'S COMPLAINT.

WHEREFORE, Defendant Officer Al Stuber, having fully answered Plaintiff's Complaint on file herein, prays that the same be dismissed and that judgment be entered herein and that he be granted all such other and further relief as the Court in the premises deems equitable and just.

DATED this 9th day of October, 2012.

                                                  /s/ Brendon J. Rohan
                                        Brendon J. Rohan, Esq.
                                        Poore, Roth & Robinson, P.C.
                                        Attorneys for Defendant Al Stuber

# **CERTIFICATE OF SERVICE**

I certify that on October 9, 2012, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2, 3</u>   CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-mail

1. Clerk, U.S. District Court

2. Garth S. McCarthy, Esq.
   Garth McCarty Law Firm, PC
   Attorney for Plaintiff Dwight Ratcliff

3. Michele L. Braukmann, Esq.
   Moulton Bellingham PC
   Attorney for Defendant City of Red Lodge

                                                  /s/ Brendon J. Rohan
                                                  Brendon J. Rohan, Esq.
                                                  Poore, Roth & Robinson, P.C.
                                                  Attorneys for the Defendant Al Stuber