IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DWIGHT RATCLIFF,<br><br>               Plaintiff,<br><br>    vs.<br><br>CITY OF RED LODGE, DEPARTMENT OF POLICE, a Political Subdivision of the State of Montana, and Red Lodge Police Officer AL STUBER,<br><br>               Defendants. | CV 12-79-BLG-DWM-JCL<br><br>ORDER |

I.      **Introduction**

This action has its genesis in a July 2, 2011, encounter between Plaintiff Dwight Ratcliff and Defendant Al Stuber in his capacity as a police officer with the City of Red Lodge, Montana. Ratcliff alleges Officer Stuber employed excessive force in effecting his arrest, causing him to suffer both physical and emotional injuries. Ratcliff advances a claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights and claims for relief under Montana constitutional, statutory, and common law.

The matter is presently before the Court upon the following two motions:

-1-

(1)     Plaintiff Ratcliff's motion requesting leave to serve – beyond the deadline established by the Court's Federal Rule of Civil Procedure 16 scheduling order – a Rule 26(a)(2)(B) report by an expert in law enforcement practices; and

(2)     Defendants' motion requesting the Court to "strike" Ratcliff's Rule 26 Supplemental Disclosure pertaining to the opinions' of Ratcliff's medical treaters.

For the reasons detailed below, both motions are granted.

## II.   <u>Background</u>

The Court's Rule 16 scheduling order entered on December 11, 2012, established a deadline of May 3, 2013, for the disclosure of liability experts. Ratcliff – represented at the time by Garth S. McCarty – did not serve any expert witness disclosures by the May 3, 2013, deadline.  The Defendants timely served a report by their retained law enforcement practices expert.

On May 17, 2013, Robert L. Stephens, Jr., entered his appearance for Ratcliff in substitution of Mr. McCarty.[1]  Shortly thereafter, on June 7, 2013, Ratcliff filed a motion requesting leave to submit a Rule 26(a)(2)(B) report of his law enforcement practices expert.  Appended to Ratcliff's motion was a document prepared by Ratcliff's counsel that summarized the opinions on law enforcement

---

[1] The Court notes, for purposes of completeness, that Ratcliff initially filed a notice of Mr. Stephens' appearance on May 9, 2013. But because the notice of substitution did not comply with Local Rule 83.3(a), Ratcliff was advised that the substitution would not be effective until he complied with Local Rule 83.3(a).

practices expert, John L. Sullivan, was expected to testify and stated that

Sullivan's final report had not been completed.  On June 9, 2013, Ratcliff filed

Sullivan's final report.

Subsequently, on June 20, 2013, Ratcliff filed a document entitled

"Plaintiff's Rule 26 Supplemental Disclosure".  The document disclosed Ratcliff's

treating medical personnel – physician assistant Douglas Whitehead and physician

Bradley Fuller.  It is important to note that the disclosure stated generally that

these individuals would testify in conformity with their respective medical records

pertaining to Ratcliff.  As to Whitehead, the disclosure also said that he would

express the opinion that the symptomology he observed on examination of Ratcliff

was "consistent with the events giving rise to the Plaintiff's claims."  As to Dr.

Fuller, the disclosure stated he would express the opinion that "the incident of July

2, 2011, is more probable than not, the result of the interaction between Mr.

Ratcliff and Officer Stuber on July 2, 2011."  (Doc. 34, at 2).

On July 23, 2013 – a point in time after the Defendants filed their motion to

strike – Ratcliff filed a second disclosure with respect to Dr. Fuller.  (Doc. 41).

The disclosure incorporated a letter from Dr. Fuller dated July 15, 2013, wherein

he states, in effect, that Ratcliff's "underlying chronic medical condition" was

exacerbated by the "extreme force" used by Stuber in effecting Ratcliff's arrest.

-3-

Against this backdrop, the Court turns to address the merits of the parties'

respective motions.

**III.    Analysis**

> **A.    Plaintiff's Motion for Leave to File an Untimely Fed. R. Civ. P.
> 26(a)(2)(B) Report**

Because Ratcliff's motion requesting leave to file a Rule 26(a)(2)(B) report

with respect to law enforcement practices expert comes after the May 3, 2013,

deadline for disclosure of Plaintiff's experts, the Court views the motion as a Rule

16(b)(4) motion for modification of the scheduling order.  Under Rule 16(b)(4),

Ratcliff must show that good cause exists to modify the scheduling order.

Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of

the party seeking modification.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

604, 609 (9th Cir. 1992).  Good cause exists if the pretrial schedule cannot

"reasonably be met despite the diligence of the party seeking the extension."

*Johnson*, 975 F.2d at 609 (*quoting* Fed. R. Civ. P. 16 Advisory Committee's Notes

(1983 Amendment)).  "If the party seeking a modification 'was not diligent, the

inquiry should end' and the motion to modify should not be granted."  *Zivkovic v.

Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (*quoting*

*Johnson*, 975 F.2d at 609).  The Rule 16(b)(4) "good cause" standard, of course,

-4-

applies to requests to modify the scheduling order for purposes of extending or

reopening an expert disclosure deadline. *See Wong v. Regents of the University of*

*California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Russell v. Lorillard, Inc.*, 2005

WL 1140018, at 1 (9th Cir. 2005); *Capitol Sprinkler Inspection, Inc. v. Guest*

*Services, Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011).

In applying the Rule 16(b)(4) "good cause" standard, the Court must also

take into consideration Fed. R. Civ. P. 37(c)(1), which provides in relevant part:

> If a party fails to provide information or identify a witness as required by
> Rule 26(a) or (e), the party is not allowed to use that information or witness
> to supply evidence on a motion, at a hearing, or at trial, unless the failure
> was substantially justified or is harmless.

"Rule 37(c)(1) is a 'self-executing', 'automatic' sanction designed to provide a

strong inducement for disclosure." *Goodman v. Staples The Office Superstore,*

*LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "The only exceptions to Rule 37(c)(1)'s

exclusion sanction apply if the failure to disclose is substantially justified or

harmless." *Goodman*, 644 F.3d at 827.

In *Wong*, the Ninth Circuit effectively addressed the interplay between

Rules 16(b) and 37(c)(1) as they apply to the late disclosure of an expert witness.

The court found that the trial court did not abuse its discretion in excluding

witnesses not identified by the deadlines established in the court's Rule 16

scheduling order. *Wong*, 410 F.3d at 1060.   In so doing, the court noted that

"[d]eadlines must not be enforced mindlessly" because a good reason may exist to

permit an identification of additional witnesses after the established deadline.

*Wong*, 410 F.3d at 1060.  One such reason might be that the necessity of the

witness could not have been reasonably anticipated prior to the time the deadline

elapsed.  But because Wong had no good reason for late disclosure of the

additional witnesses, the court found the district court was justified in excluding

the additional witnesses under authority of Rule 16(b).  *Wong*, 410 F.3d at 1060.

The court then proceeded to address Wong's argument that the court's

denial of his request to add expert witnesses violated Rule 37(c)(1).  *Wong*, 410

F.3d at 1060.  The court first concluded that because Wong had no good reason for

failing to comply with the expert disclosure deadline, his failure was "without

substantial justification" within the contemplation of Rule 37.  *Wong*, 410 F.3d at

1060.  And it found that the tardy identification was not harmless because

allowing additional witnesses would have disrupted the schedule implemented by

the court.  *Wong*, 410, F.3d at 1060.

Following the analytical framework of *Wong*, the Court finds that Ratcliff

has not established the existence of "good cause" to extend the deadline for the

disclosure of expert witnesses.  Ratcliff's prior counsel was simply not diligent in

meeting the expert disclosure deadline. Nor does any good reason exist that would justify allowing Ratcliff to identify a law enforcement practices expert after the established deadline. Ratcliff does not suggest that it was not reasonable to anticipate from the outset that the opinions of a law enforcement practices expert might be needed in the case. And the mere substitution of counsel, standing alone, is not a good reason to extend the expert witness deadline.

The issue determinative of Ratcliff's motion is whether allowing the late disclosure of his law enforcement practices expert is "harmless" within the meaning of Rule 37(c)(1). Ratcliff, as the party seeking to avoid Rule 37's exclusionary sanction bears the burden of proving harmlessness. *Yeti by Molly Ltd.*, 259 F.3d at 1107. The Court finds Ratcliff has sustained his burden.

First, the substance of the law enforcement practices expert's opinion was disclosed on June 7, 2013, approximately one month beyond the May 3, 2013, disclosure deadline – not an extreme delay. (Doc. 27-1). Second, the subject matter of the expert's opinion testimony is hardly complex – he merely posits the opinion from his subjective review of a video/audio recording of the encounter that Officer Stuber used excessive force.[2] Third, allowing the late disclosure does

---

[2] It is important to note that nearly the entire encounter between Ratcliff and Stuber was video/audio recorded by the video recorder mounted on Stuber's cruiser.

-7-

not disrupt the Court's overall schedule for disposition of this action.  Finally, the late disclosure does not gain Ratcliff an unfair advantage.

In opposing Rattcliff's motion, Stuber claims he will be prejudiced by the late disclosure because Ratcliff was able to "provide a report after reviewing the disclosure of Defendants."  (Doc. 33, at 13).  But the fact of the matter is that the best evidence of what occurred between Ratcliff and Stuber is the video/audio recording of the encounter.  At the end of the day, Ratcliff will hope to have his expert posit the opinion that what the jurors observe on the recording is the use of excessive force – while Stuber's expert will posit the opinion that what the jurors observe on the recording is the use of reasonable force.

The discovery deadlines expired on October 1, 2013, during the pendency of this motion.  Trial, however, is not set to commence until March, 3, 2014.  Consequently, there exists more than adequate time for Stuber to accomplish the deposition of Ratcliff's law enforcement expert – which the Court grants him permission to do – if he so chooses.

## B.    Defendants' Motion to Strike

As a threshold matter, the Court notes the Defendants do not object to testimony from Ratcliff's treating health care providers to the extent Ratcliff identified the particular health care provider and produced all medical records

generated by that provider during the course of his treatment of Ratcliff.  Rather, the motion to strike is directed to Ratcliff's "supplemental" disclosures pertaining to physician assistant Douglas Whitehead and physician Bradley Fuller (docs. 34 & 41) to the extent they posit an opinion that Ratcliff's medical condition was caused, aggravated, or exacerbated by the conduct of Officer Stuber during the course of his encounter with Ratcliff on July 2, 2011.

The testimony of both Whitehead and Dr. Fuller is properly limited to their personal knowledge of the examination, diagnosis, and treatment of Ratcliff. Thus, their testimony will be limited to those matters set forth in the medical records that were generated as a result of the treatment they provided Ratcliff and they may only present opinions "formed during the course of treatment." *Mears v. Safeco Ins.*, 888 F.Supp.2d 1048, 1055 (D. Mont. 2012) (*citation omitted*). Thus, the Defendants' motion to strike is granted to the extent that the "supplemental" disclosures of June 20, 2013 (doc. 34) state opinions that were not formed, as reflected in the pertinent medical records, during the course of Whitehead and Dr. Fuller's treatment of Ratcliff.

With respect to the supplemental disclosure of July 23, 2013 (doc. 41), the Defendants' motion is properly granted because the opinion set forth in Dr. Fuller's letter of July 15, 2013, is clearly an opinion that was developed for

purposes of this litigation at the request of Ratcliff's attorney and upon review of the referenced video recording of the encounter between Ratcliff and Officer Stuber.  Because Dr. Fuller morphed into a witness hired to render an expert opinion that goes beyond the scope of a treating doctor's testimony, Ratcliff was required to comply with Rule 26(a)(2).  *Goodman*, 644 F.3d at 819-20.

Turning to the Rule 37(c)(1) inquiry, allowing late disclosure of opinions by Dr. Fuller that were not formed during the course of their treatment of Ratcliff is neither substantially justified or harmless.  Ratcliff did not timely disclose the opinion of Dr. Fuller as set forth in his letter of July 15, 2013 (doc. 41), and he fails to articulate any good reason for the late disclosure.  Thus, the late disclosure is "without substantial justification".  Fed. R. Civ. P. 37(c)(1).

Nor has Ratcliff sustained his burden in proving that the late disclosure of Dr. Fuller's opinion is harmless.  In fact, Ratcliff concedes the Defendants raise a "legitimate question" about the late disclosed opinion of Dr. Fuller because the opinion relies upon "a review of information outside the normal course of treatment."  (Doc. 39, at 12).  When Ratcliff did not timely disclose his intention to have Dr. Fuller express an opinion outside the course of his treatment of Ratcliff, the Defendants undoubtedly concluded that Ratcliff would rely only upon the opinions formulated by Dr. Fuller during the course of treating Ratcliff.  The

Defendants necessarily prepared their defense – including whether or not to retain particular medical experts or seek a Fed. R. Civ. P. 35 examination – based upon that conclusion.  If the Court were to allow Dr. Fuller to express the opinions set forth in his letter of July 15, 2013, it would have to reopen discovery and allow the Defendants to revamp their defense.  Doing so would jeopardize the scheduling order and ultimately the established trial date, which is not harmless.

IV.   **Conclusion**

        For the reasons discussed,

        IT IS ORDERED that Plaintiff Ratcliff's motion requesting leave to disclose a law enforcement practice expert is GRANTED.  And upon notice of the Defendants, Ratcliff shall make that expert available for deposition.

        IT IS FURTHER ORDERED that the Defendants' motion to strike is GRANTED as set forth above.

        DATED this 29th day of October, 2013

                      Jeremiah C. Lynch
                      United States Magistrate Judge