

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DWIGHT RATCLIFF,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE, DEPARTMENT OF POLICE, a Political Subdivision of the State of Montana, and Red Lodge Police Officer AL STUBER,<br><br>Defendants. | CV 12-79-BLG-SPW<br><br>ORDER |

**I.** **Introduction**

Plaintiff Dwight Ratcliff brings this action against the City of Red Lodge Police Department ("the City") and one of its officers, Al Stuber, asserting federal constitutional claims under 42 U.S.C. § 1983, and several state law claims. The City and Officer Stuber have filed motions for summary judgment. For the reasons stated below, the motions are GRANTED.

**II.** **Background**

    **a.** **Factual Background**

The parties are familiar with the facts of this case. Accordingly, the Court will adopt the factual recitations in Magistrate Lynch's Findings and Recommendations (Doc. 67), Judge Molloy's Order (Doc. 86) and the Ninth

1

Circuit's Memorandum. (Doc. 117). The Court will recite facts only as they are necessary to the legal analysis herein.

### b. Procedural Background

On June 29, 2012, Ratcliff filed a Complaint in this district setting forth state and federal claims. (Doc. 1). He sued the City and Officer Stuber under 42 U.S.C. § 1983, alleging violations of his federal Constitutional rights, for excessive force and an unreasonable *Terry* stop, as well as state claims for negligence, negligence per se, intentional torts, negligent and intentional infliction of emotional distress and state constitutional violations. (*See gen id.*) The City and Officer Stuber moved for summary judgment on all claims. Ratcliff failed to file a timely brief.

On January 10, 2014, Magistrate Judge Jeremiah Lynch issued his Findings and Recommendations and Order. (Doc. 67). With respect to Ratcliff's federal Constitutional claims, Judge Lynch determined that Officer Stuber had reasonable suspicion for a *Terry* stop, so Officer Stuber was entitled to qualified immunity on that claim. (*Id.* at 16). Judge Lynch determined that genuine issues of fact remained as to whether Officer Stuber unreasonably prolonged Ratcliff's detention, necessitating probable cause, and whether Officer Stuber used excessive force, so Officer Stuber was not entitled to qualified immunity on those claims. (*Id.* at 17-24).

On the City's federal claims, Judge Lynch determined that Ratcliff failed to present any evidence that the City was deliberately indifferent to any constitutional violations, or that the City caused, or was the moving force behind Ratcliff's alleged injury. (*Id.* at 27). Accordingly, Judge Lynch recommended summary judgment for the City on Ratcliff's § 1983 claims. (*Id.*)

With respect to Ratcliff's state law claims against Officer Stuber individually, Judge Lynch held that Officer Stuber was entitled to statutory immunity because Officer Stuber acted within the course and scope of his official duties as a police officer during his interaction with Ratcliff. (*Id.* at 67). Judge Lynch also found that Montana statute prohibited Ratcliff's negligence per se claims against the City. (*Id.* at 67).

With respect to Ratcliff's state constitutional claims against Officer Stuber and the City as Officer Stuber's employer, Judge Lynch found that "Ratcliff's Fourth Amendment claims survive[d] summary judgment, [so] [i]t necessarily follows, then that Ratcliff's claims under Article II, § 11 of the Montana Constitution survive as well." (*Id.* at 31). Judge Lynch rejected Officer Stuber and the City's argument that the public law doctrine barred Ratcliff's negligence claim. (Doc. 67 at 35). He determined that a reasonable juror could conclude Officer Stuber was negligent and used excessive force, thereby breaching his duty of care. (*Id.* at 36). Based on these findings, Judge Lynch recommended rejecting the

3

City's summary judgment motion on Ratcliff's negligence claim, assault and battery claim, and false imprisonment claim. (*Id.* at 36-39). Finally, Judge Lynch recommended granting summary judgment on Ratcliff's emotional distress claims because Ratcliff failed to point to any evidence that he suffered from severe emotional distress. (*Id.* at 40).

On February 7, 2014, District Judge Donald Molloy issued his Order adopting in part and modifying in part Judge Lynch's Findings and Recommendations. (*See* Doc. 86). In the Order, Judge Molloy rejected Judge Lynch's recommendation to grant summary judgment to the City pursuant to § 1983. (*Id.* at 10). Judge Molloy reasoned that by fully supporting Officer Stuber's conduct, Red Lodge Police Chief Richard Pringle ratified Officer Stuber's potentially unconstitutional action. (*Id.* at 9-10). Accordingly, the City could be found liable for this ratification of illegal conduct. (*Id.* at 6). In all other respects, Judge Molloy agreed with and adopted Judge Lynch's findings and recommendations. (*See gen.* Doc. 86).

On February 18, 2014, Officer Stuber filed an interlocutory appeal to the Ninth Circuit Court of Appeals, challenging Judge Molloy's decision denying Officer Stuber qualified immunity on all federal Constitutional claims. (Doc. 107). Judge Molloy stayed the action pending the interlocutory appeal. (Doc. 110).

4

On appeal, the Ninth Circuit reversed the district court and held "even reviewing the facts in the light most favorable to Ratcliff, Officer Stuber's actions were objectively reasonable under the circumstances." (Doc. 116 at 5). Specifically, the Court held, "no reasonable factfinder could find that Officer Stuber's limited use of force was excessive[,]" and "no reasonable factfinder could find that Officer Stuber exceeded the permissible scope of the *Terry* stop[.]" (*Id.* at 5). As a result, the Ninth Circuit held that Officer Stuber possessed qualified immunity and was entitled to summary judgment on Ratcliff's Fourth Amendment claims. (*Id.*) Per the Ninth Circuit's mandate, this Court granted Officer Stuber summary judgment on Ratcliff's Fourth Amendment claims. (Doc. 118). Shortly thereafter, Officer Stuber and the City renewed their motions for summary judgment on all remaining claims.

## III. Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit

under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249–50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

## IV. Discussion

Officer Stuber concedes that federal jurisdiction was eliminated with the Ninth Circuit's ruling. (Doc. 126 at 14). But he urges the Court to exercise supplemental jurisdiction to resolve these issues. Next, Officer Stuber and the City argue that because the use of excessive force and/or unauthorized police conduct is a prerequisite to all of Ratcliff's remaining claims, and the Ninth Circuit determined neither exists here, summary judgment is appropriate.

Ratcliff agrees that this Court no longer has original jurisdiction and argues that the Court should dismiss the Complaint without prejudice if it declines to exercise supplemental jurisdiction. (Doc. 128 at 9). Ratliff argues that the Ninth Circuit's ruling was narrowly limited to the qualified immunity question on his

Fourth Amendment claims and his remaining claims should be left to the trier of fact. The Court addresses the threshold question of supplemental jurisdiction first and the substantive arguments second.

## A.  Supplemental jurisdiction

Under the doctrine of supplemental jurisdiction, this Court has discretion to retain jurisdiction over state court claims where the claims on which its original jurisdiction was based have been dismissed. *See* 28 U.S.C. § 1367(c)(3). To decline jurisdiction under § 1367(c)(3), "the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Const. Industry & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (Trustees). Although the decision to decline jurisdiction is discretionary, it may be an abuse of discretion to dismiss state claims where factors of judicial economy, convenience, and fairness to the parties strongly point toward retaining jurisdiction and no novel or complicated issue of state law is involved. *See Trustees*, 333 F.3d at 925-26 (ordering dismissal of state claims seven days before trial and after long delays was neither fair to parties nor efficient use of judicial resources). However, federal courts have the discretion to remand remaining pendent state law claims when retaining jurisdiction would be inappropriate. *Acri v. Varian Assocs., Inc.*,

7

114 F.3d 999, 1000 (9th Cir.1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in 28 U.S.C. § 1367(c).").

Here, the Court exercises its discretion to retain supplemental jurisdiction over the state law claims still pending because significant judicial and party resources have been expended litigating the viability of the state law claims and considerations of judicial economy favor retaining jurisdiction. This case has been pending in federal court for over four years. Moreover, declining to exercise jurisdiction now would require duplicative proceedings in state court, resulting in further delay. *See Munger v. City of Glasgow Police*, 227 F.3d 1088 n.4 (9th Cir. 2000).

## B. Ratcliff's Federal Claims

### 1. Officer Stuber

As noted above, Ratcliff alleged that Officer Stuber violated his federal Constitutional rights when Officer Stuber illegally detained him and arrested him, all the while using excessive force. (Doc.1 at 8-9). The Ninth Circuit determined that Officer Stuber's force was not excessive and that he did not exceed the permissible scope of the *Terry* stop, so Officer Stuber is entitled to qualified immunity. (Doc. 116). As a result, this Court granted summary judgment on remand and this claim is no longer at issue.

### 2. The City

Ratcliff seeks to hold the City liable under 42 U.S.C. § 1983 for Officer Stuber's alleged constitutional violations. To establish a claim for § 1983 liability against a municipality, the claimant must first establish the existence of a constitutional violation. *See Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *see also Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir. 1994) (officers were immune from liability because no constitutional violation occurred). Here, the Ninth Circuit firmly established that Officer Stuber committed no federal constitutional violations, so summary judgment for the City is appropriate on this claim.

### C. Ratcliff's State Claims

#### 1. Individual Capacity Claims against Officer Stuber

Judge Molloy granted Officer Stuber's motion for summary judgment on Ratcliff's state law claims against Officer Stuber individually. (Doc.86 at 3) (adopting the Findings and Recommendations in "all other respects."); *(see also* Doc. 67 at 29, Findings and Recommendations) ("Officer Stubar's (sic) motion for summary judgment on the individual capacity state law claims is properly granted).

### 2. Claims against the City

#### a. Montana Constitutional Violations

Judge Molloy granted the City's motion for summary judgment on Ratcliff's Article II, §17 and Article II, § 10 claims. (Doc.86 at 11). Thus, Ratcliff's only remaining state constitutional claims are those under Article II, § 11 of the Montana Constitution, which prohibits unreasonable searches and seizures.

As Judge Lynch previously noted, "the analysis under [Article II, § 11] of the Montana Constitution is substantively the same as the excessive use of force standards developed under the Fourth Amendment." (Doc. 67 at 31) (citing *Todd v. Baker*, 2012 WL 1999529 *9 (D. Mont. 2012)). Under that particular section of the Montana Constitution, the Montana Supreme Court would apply a traditional Fourth Amendment analysis, which the Ninth Circuit already determined does not result in a constitutional violation in this case. *See State v. McLees*, 994 P.2d 683, 688 (Mont. 2000) (stating, "because Article II, § 11 of the Montana Constitution mirrors the Fourth Amendment to the United States Constitution, we analyze most search and seizure questions arising under Article II, § 11 using traditional Fourth Amendment principles.") Accordingly, the City is entitled to summary judgment on Ratcliff's state constitutional claims for the same reasons summary judgment is warranted on Ratcliff's federal claims.

### b. Negligence Per Se

Judge Molloy granted the City's motion for summary judgment on Ratcliff's negligence per se claim. (Doc. 86 at 10).

### c. Negligence

The City moves for summary judgment dismissing Ratcliff's negligence claim. It contends that judgment is appropriate as a matter of law because the Ninth Circuit determined Officer Stuber did not act with excessive force. (Doc. 128 at 18-19). The Court agrees. The Ninth Circuit's ruling that "no reasonable factfinder could find that Officer Stuber's limited use of force" was excessive is undisputedly dispositive of Ratcliff's negligence claim. Without any finding of excessive force, Officer Stuber could not have breached his duty of care by using excessive force. Ratcliff cannot prove breach and summary judgment on this claim is appropriate. Accordingly, the Court need not address the Public Duty Doctrine.

### d. Ratcliff's Intentional Tort Claims

The City moves for summary judgment dismissing Ratcliff's claims of assault and battery and false imprisonment. Under Montana law, a police officer "is not liable for assault and battery provided he uses no more force than is reasonably necessary under the circumstance to properly perform his official duties." *Luciano v. Ren*, 589 P.2d 1005, 1008 (Mont.1979); *see also Chaney v. Wadsworth*, No. CV 14-177-M-DWM-JCL, 2015 WL 5970482, at *14 (D. Mont.

Oct. 13, 2015). To establish a claim of false imprisonment, the plaintiff must show the "unlawfulness of restraint." *Kichnet v. Butte-Silver Bow Cty.*, 274 P.3d 740, 745 (Mont. 2012).

Ratcliff's intentional tort claims are predicated on a finding that Officer Stuber either used excessive force (assault and battery) or exceeded the scope of a proper investigatory stop (false imprisonment), or both. (*See* Doc. 1 at 11-12, Doc. 129 at 20, 21). Officer Stuber and the City argue that the Ninth Circuit determined Officer Stuber's conduct was lawful so Ratcliff's intentional tort claims fail. (Doc. 126 at 23-24, Doc.128 at 15). Ratcliff argues that Montana does not recognize qualified immunity, so the question whether Officer Stuber's conduct was reasonable is for the jury. (Doc. 131 at 16-20). What Ratcliff fails to recognize, however, is that the Ninth Circuit answered the question of whether Officer Stuber's conduct was reasonable in its May 24, 2016, Order. By specifically holding that, "no reasonable factfinder could find that Officer Stuber's limited use of force was excessive[,]" and "no reasonable factfinder could find that Officer Stuber exceeded the permissible scope of the *Terry* stop," the Ninth Circuit eliminated all bases for Ratcliff's intentional tort claims under Montana law. Summary judgment on these claims is appropriate.

## V. Conclusion

Based on the reasons set forth above, it is hereby ORDERED that Defendant Red Lodge Police Officer Al Stuber's Renewed Motion for Summary Judgment (Doc. 125) and Defendant City of Red Lodge's Renewed Motion for Summary Judgment (Doc. 125) are GRANTED in every respect. IT IS FURTHER ORDERED that Defendants' and Plaintiff's motions in limine (Docs. 134, 136, 138) are DENIED as moot.

The Clerk of Court shall enter judgment accordingly. All deadlines are VACATED.

DATED this 19th day of October, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge